# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AMY GRAY, | ) |
| Plaintiff, | ) |
| | )  2:10-cv-356-RCJ-RJJ |
| v. | ) |
| | )  **ORDER** |
| CITY OF HENDERSON, et al. | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff Amy Gray—appearing *pro se*—filed a complaint in this Court on March 15, 2010 against the City of Henderson, Henderson Municipal Court Judge Diana Hampton (in her individual and official capacity), Henderson Police Officers Stevens and Thomilson (in their individual and official capacities), and other state and local agencies and officers. (Compl. (#1-1)). Nearly a year after filing the complaint, Gray had yet to serve any of the defendants. On March 4, 2011, this Court granted an extension of time for Gray to serve the defendants, requiring that service be performed by March 11, 2011. (Order (#18)). On March 2, 2011, summons had been issued for the City of Henderson, Judge Hampton, and Officers Stevens and Thomilson. (Summons (#16)). Summons were issued for many of the remaining defendants on March 10, 2011. (Summons (#21)). No proof of service for any of the summons was filed by March 11, 2011.

On March 22, 2011, Gray filed affidavits evidencing that the City of Henderson and Judge Hampton had been served on March 3, 2011. (Proof of Service (##25, 26)). The affidavit claiming the City of Henderson had been served indicates the summons was delivered to Julie Winkler, an employee at the Henderson Police Department. (Proof of

Service (#26)). The affidavit claiming Judge Hampton had been served indicates the summons was given to Jennifer Hauser, Judge Hampton's judicial assistant. (Proof of Service (#25)). No other proof of service was filed to show that any of the remaining defendants had been served.

A plaintiff who chooses to proceed *pro se* is required to familiarize herself with the Federal Rules of Civil Procedure as well as the Local Rules of this Court. *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986); *West v. Recontrust Co.*, No. 2:10-cv-1950-GMN-LRL, 2011 WL 4827627, at *2 (D. Nev. Oct. 7. 2011) (citing *Jacobsen*, 790 F.2d at 1364-65). Rule 4(m) requires a defendant to be served within 120 days after the complaint is filed. Unless service is waived, proof of service must be made to the court, generally by the server's affidavit. FED. R. CIV. P. 4(l)(1). A plaintiff may serve an individual by delivering a copy of the summons and complaint to the individual personally, by leaving a copy of each at the individual's dwelling with a person of suitable age who resides there, or by delivering a copy to an agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(e)(2). A state or local government may be served in the manner prescribed by that state's law. FED. R. CIV. P. 4(j)(2). In Nevada, N.R.S. § 12.105 permits a party to sue a local government for the actions of officers serving in their official capacity, and provides that service is to be made upon the clerk or secretary of the local government.

The Court granted Gray until March 11, 2011 to properly serve all defendants and she has failed to do so. No evidence was ever filed with the Court that the summons issued on March 10, 2011 were properly served. Merely two affidavits were filed, claiming only that the City of Henderson and Judge Hampton had been properly served. (Proof of Service (##25, 26)).

In the affidavit claiming the City of Henderson had been served, the process server stated she delivered the summons for the City of Henderson to Julie Winkler, an employee at the Henderson Police Department. (Proof of Service (#26) at 1). Winkler is not the clerk or secretary of the City of Henderson, and thus cannot accept service on behalf of the City of Henderson. It may be that this service was intended for Officers Stevens and Thomilson, in

their individual capacities. Yet even if that was the case, the summons was delivered to Ms. Winkler, who was not an agent authorized by either Stevens or Thomilson to accept service of process. The service was consequently insufficient.

In the affidavit claiming Judge Hampton had been served, the process server indicated she delivered the summons to Jennifer Hauser, Judge Hampton's judicial assistant. (Proof of Service (#25) at 1). Ms. Hauser was not authorized to receive service of process for Judge Hampton in her individual capacity. She also could not have accepted service of process on behalf of the City of Henderson (if that was Gray's intention) because Hauser was not the clerk or secretary of the City of Henderson. The service was therefore insufficient.

Gray has thus failed to properly serve any of the defendants in this matter as ordered by this court on March, 3, 2011.

IT IS THEREFORE ORDERED that the complaint be dismissed in its entirety with prejudice and the hearing set for December 2, 2011 be vacated.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 28th day of November, 2011.

_____
United States District Judge