**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMY GRAY, | ) |
|         Plaintiff, | ) |
|     v. | )    2:10-cv-356-RCJ-RJJ |
| | ) |
| CITY OF HENDERSON, et al., | )    **ORDER** |
|         Defendants. | ) |
| _____ | ) |

This case involves various allegations of harassment, perjury, and constitutional violations against numerous defendants. For the following reasons, the Court dismisses this action for failure to state a claim pursuant to 28 U.S.C § 1915(e)(2).

**BACKGROUND**

Plaintiff Amy Gray filed a handwritten, pro se complaint in this Court on March 15, 2010. (Compl. (#1-1)). Plaintiff then filed an amended complaint on June 9, 2010 and a second amended complaint on March 10, 2011. (Am. Compl. (#11); Second Am. Compl. (#19)). The second amended complaint advances numerous claims of harassment, perjury, and constitutional violations against the City of Henderson, Clark County, Child Protective Services, various police officers and judges, and dozens of other parties. (Second Am. Compl. (#19)). The second amended complaint contains nearly three hundred pages of documents and seeks $50 billion in damages. (*Id.*).

The Court dismissed this case with prejudice by order dated November 28, 2011 because after nearly two years Plaintiff had failed to properly serve any named Defendant in the action. (Order (#63)). The Ninth Circuit later reversed this order on March 13, 2012,

finding that because Plaintiff is proceeding in forma pauperis, the Court was required to order the United States Marshal to serve the Defendants on behalf of Plaintiff. (Order (#71) at 2). The Ninth Circuit however did not preclude the Court from dismissing the action prior to service on another ground, specifically noting 28 U.S.C. § 1915(e)(2). (*Id.*).

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the court must dismiss a case if at any time it determines that a party proceeding in forma pauperis has failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard when reviewing the adequacy of a complaint under Section 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although no technical form is required, each allegation in the complaint must be "simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Detailed factual allegations are not required under Rule 8, but the complaint must contain more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' " nor will " 'naked assertions' devoid of 'further factual enhancement.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

A complaint must also plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Such factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving

2

party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

If the court dismisses a complaint for failure to state a claim, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Plaintiff has ultimately failed to sufficiently state a claim on any of her causes of action. The second amended complaint merely asserts conclusions that Plaintiff's civil rights have been violated without any supporting facts. For example, Plaintiff alleges that various police officers used excessive force in arresting her, that she was falsely arrested, that Judge George coerced her into pleading guilty on a charge of resisting arrest, and that her children are unlawfully being kept from her, but she provides no facts that would allow the Court to draw the reasonable inference that the Defendants are liable for the misconduct alleged. (Second Am. Compl. (#19) at 13-14, 17, 20, 23, 25, 29-31). In other claims she merely alleges that she was harmed but provides no legal grounds upon which the Court my award relief, such as her claims that Judge Hampton lied in open court and revoked her bail, that a police officer threatened to arrest her if she so much as "farted," and that the State of Nevada failed to protect her. (*Id.* at 13-14, 18, 26-28). Such "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" do not sufficiently state a claim upon which the Court may grant relief. *Iqbal*, 556 U.S. at 678. The second amended complaint also names dozens of Defendants, yet fails to allege any wrongful conduct on the part of the vast majority of these Defendants. (Second Am. Compl. (#19) at 1-3). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.

Furthermore, the second amended complaint is unnecessarily long and confusing and therefore fails to comply with Rule 8, which requires that the complaint be "short and plain" and

3

1  that all allegations contained therein be "simple, concise, and direct." FED. R. CIV. P. 8(a)(2),
2  (d)(1). The second amended complaint in this case contains nearly three hundred pages of
3  documents. It is also handwritten and is at times unintelligible. The second amended
4  complaint additionally lists dozens of Defendants in this action, yet the names of these
5  Defendants are scribbled all over the complaint (including in the margins) and often Plaintiff
6  only identifies these Defendants by their first or last name, making it difficult for the United
7  States Marshal to properly serve them at this time. (*See* Second Am. Compl. (#19) at 1-3).

8  Accordingly, the Court finds that the second amended complaint must be dismissed
9  with leave to amend. In filing her third amended complaint, Plaintiff should ensure that she
10 complies with the pleading standards stated above. In the third amended complaint, Plaintiff
11 should not simply advance legal conclusions that constitutional and other legal violations
12 occurred, but should plead enough factual content that would allow the Court to infer that the
13 Defendants are liable for the misconduct alleged. The third amended complaint should also
14 not present claims that Plaintiff was harmed without offering a legal basis upon which the
15 Court can grant relief for such harm. The third amended complaint must be legible and should
16 only name parties as Defendants if it describes unlawful conduct by those parties. The
17 Defendants must be properly identified such that the United States Marshal will be able to
18 properly serve them. Once Plaintiff submits a third amended complaint which complies with
19 these requirements, the pleading requirements contained in the Federal Rules of Civil
20 Procedure, and the standards set forth in *Twobly/Iqbal*, the United States Marshal is ordered
21 to effect service of process.

## CONCLUSION

23 For the foregoing reasons, IT IS ORDERED that the Court DISMISSES the second
24 amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with leave to amend. Plaintiff
25 shall have thirty (30) days from the date of this order to correct any deficiencies and file a third
26 amended complaint.

27 IT IS FURTHER ORDERED that upon filing of the third amended complaint, the Clerk
28 of the Court shall issue summons to Defendant(s) therein and deliver same to the United

States Marshal for service. The Clerk shall send Plaintiff sufficient copies of the third amended complaint and service of process forms (USM-285) for each Defendant. Plaintiff shall have twenty (20) days in which to furnish the United States Marshal the required forms USM-285. Within twenty (20) days after receiving from the United States Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the court identifying which Defendants were served and which were not served, if any. If Plaintiff wishes to have service again attempted on any unserved Defendant, then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant, or whether some other manner of service should be attempted. Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date of filing of the third amended complaint.

IT IS FURTHER ORDERED that henceforth, Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s) a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or a Magistrate Judge which has not been filed with the Clerk of the Court, and any paper received by a District Judge, Magistrate Judge or Clerk of the Court which fails to include a certificate of service.

DATED this 7th day of June, 2012.

_____
CHIEF UNITED STATES DISTRICT JUDGE