1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8

Amy Gray,                                      )
9                                              )
                        Plaintiff,             )
10                                             )        2:10-cv-00356-RCJ-RJJ
             vs.                               )
11                                             )
City of Henderson et al.,                      )        **ORDER**
12                                             )
                        Defendants.            )
13   ───────────────────────────────          )

14          On March 15, 2010, Plaintiff Amy Gray sued the City of Henderson, NV and multiple

15   other Defendants *in pro se* for unclear alleged civil rights violations.  The Complaint, which was

16   approximately 295 pages in length, was a disorganized farrago of confusing and often

17   unintelligible allegations.  More importantly, no causes of action were enumerated therein, and it

18   was impossible in many instances to distinguish those legal theories intended to be pressed as

19   causes of action from those intended only to be a part of the argumentation.

20          In instances where the plaintiff appears in *propia persona* in a civil rights case, the court

21   must construe the pleadings liberally and afford the plaintiff any benefit of the doubt.  *Karim-*

22   *Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).  However, in giving

23   liberal interpretation to a *pro se* civil rights complaint, the court may not "supply essential

24   elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the University of*

25   *Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Here, over the course of 32 months of pending

1  litigation, the Court granted leave to amend the Complaint three times.  The Order (ECF No.

2  109) entered on August 3, 2012, clearly stated Plaintiff must file within 20 days a Third

3  Amended Complaint that sufficiently states claims against all named Defendants or the action

4  would be dismissed with prejudice.

5            On October 2, 2012, Plaintiff had failed to file the Third Amended Complaint

6  within the 20 days provided and the Court dismissed the Action with prejudice. (ECF No. 113).

7  Plaintiff, thereafter, filed a Fourth Amended Complaint and seven motions, as well as an Appeal

8  to the Ninth Circuit.  The Appeal was dismissed for lack of jurisdiction because it was not filed

9  timely within 30 days. (ECF No. 127).  Since the Action has been dismissed with prejudice, the

10 latest forthcoming motions by Plaintiff are moot.

11                                    **CONCLUSION**

12           IT IS HEREBY ORDERED that the Motion to Judge to Forward 4th Amended Complaint

13 (ECF No. 117), the Emergency Motion For Writ of Mandamus (ECF No. 118), the Motion for

14 Stratus (ECF No. 119), the Motion to Reconsider Order (ECF No. 120), the Motion for

15 Transcript Fees to be Waived (ECF No. 124 ), the Motion for Issuance of Summons (ECF No.

16 125), the Motion to Report Stalking (ECF No. 126) are DENIED.

17           IT IS FURTHER ORDERED that the Clerk shall accept no further filings in this case.

18           IT IS SO ORDERED.

19 Dated this 7th day of March, 2013.

20                                                    _____

21                                                    ROBERT C. JONES
                                                     United States District Judge

22

23

24

25

Page 2 of  2